78 F.3d 584
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Clifford BROOKINS, II, Plaintiff-Appellant,
v.
DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; Dennis Archer,
Mayor; Henry Cisneros, Secretary, United States
Department of Housing and Urban
Development, Defendants-Appellees.
 No. 95-1538.
 United States Court of Appeals, Sixth Circuit.
 March 6, 1996.
 
 E.D.Mich., No. 95-70190; Paul V. Gadola, Judge.
 
 
 1
 E.D.Mich.
 
 
 2
 AFFIRMED.
 
 
 3
 Before: MARTIN and BATCHELDER, Circuit Judges, and WISEMAN, District Judge.*
 
 ORDER
 
 4
 Clifford Brookins, II, proceeding pro se, appeals a district court order granting the defendants' motion to dismiss this action for injunctive relief. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 Brookins sued the Department of Housing and Urban Development (HUD), along with the Secretary of HUD and the mayor of Detroit, in their individual and official capacities. Brookins moved the district court for an injunction to "freeze" all monies designated by the United States Department of Housing and Urban Development" for an "Empowerment Zone" in Detroit, Michigan, as authorized under the Omnibus Budget Reconciliation Act of 1993, Pub.L. No. 103-66, 107 Stat. 312. Brookins claimed that his rights under the Equal Protection Clause and under the Fourteenth Amendment were violated when the mayor of Detroit requested federal funding to benefit a zone consisting of only ten percent of the city of Detroit.
 
 
 6
 Standing is an "essential and unchanging part of the case-or-controversy requirement of Article III." Lujan v. Defenders of Wildlife, 112 S.Ct. 2130, 2136 (1992). Standing is determined by applying a three-part test: (1) whether the plaintiff had suffered a direct or imminent injury in fact; (2) whether there is a causal connection between the injury and the defendant's conduct; and (3) whether there is a likelihood that the injury will be redressed by a favorable decision of the court. DeBolt v. Espy, 47 F.3d 777, 779 (6th Cir.1995).
 
 
 7
 Brookins has failed to establish that he has standing to bring this suit under this three-part test. First, Brookins has failed to establish that he has suffered a direct or imminent injury. Brookins claims that his actual injury is a denial of equal protection under this legislation, because a certain class of Detroit citizens is not being afforded the same benefits, under the government funding program, as other Detroit citizens. However, Brookins has not shown that the defendants' funding request is not rationally related to a legitimate state rule, which he must do in order to prevail on this equal protection claim. See City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 440 (1985). Moreover, Brookins has not met his burden of establishing that the state actor intentionally discriminated against him because of membership in a protected class. Henry v. Metropolitan Sewer Dist., 922 F.2d 332, 341 (6th Cir.1990). Indigence, alone, is not sufficient to create a suspect classification. See Harris v. McRae, 448 U.S. 297, 323 (1980).
 
 
 8
 The plaintiff's cause of action rests on nothing but speculation as to how private developers and government officials will respond to the incentives created by the Empowerment Zone designation, without specifying in any concrete way how Brookins, himself, will be harmed. See DeBolt, 47 F.3d at 781 (a mere hope for the eventual result of "leveling the playing field through FMHA loans" does not demonstrate a "substantial probability" that FMHA's lending practices caused a shortage of large-family apartments, to the plaintiff's detriment). Thus, there is no merit to the argument that Brookins was denied equal protection under the law.
 
 
 9
 Next, Brookins did not show that an injury was traceable to an action by the defendants. Likewise, there is no likelihood that Brookins's alleged injury could be redressed by a decision from this court granting Brookins's request to freeze all Empowerment Zone funds that have been designated for the Detroit area.
 
 
 10
 There is no merit to Brookins's argument that he was denied his right to a jury trial under the Seventh Amendment. Because Brookins could not establish standing in the district court, he had no accompanying right to demand a trial by jury on the matter or to have his claim considered on the merits. Finally, the plaintiff's allegation that the district court judge was biased is a frivolous claim, unsupported by any facts, whatsoever, to demand recusal or other action under 28 U.S.C. §§ 144 and 455(a). See United States v. Sammons, 918 F.2d 592, 599 (6th Cir.1990) (a judge must recuse himself only "if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality").
 
 
 11
 Accordingly, the district court's order granting the defendants' motion to dismiss is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation